IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK KEITH EIDEM, et al.,            CV 00-1446-HA

           OPINION AND ORDER

       Plaintiffs,

v.

TRUSTEES UNITED ASSOCIATION UNION
LOCAL NO. 290 PLUMBER STEAMFITTER
AND SHIPFITTER INDUSTRY 401(K), *et al.*,

       Defendants/Third Party Trustee Plaintiffs,

    v.

CAPITAL CONSULTANTS, LLC, *et al.*, and
OREGON INSURANCE GUARANTY ASSOCIATION,

       Third-Party Defendants.

Marsh, Judge.

      This matter is before the court to resolve the issue as to whether plaintiffs (Eidem) or

third-party defendant Oregon Insurance Guaranty Association (OIGA) shall be entitled to the

1 - OPINION AND ORDER

accrued interest earned on settlement proceeds previously deposited by OIGA in the law firm trust account of OIGA's attorneys pending final approval of the settlement agreement between the parties. The issue arises as part of plaintiffs' motion for preliminary approval of proposed settlement and approval of notice to class members (doc. 255).[1]

For the reasons that follow, the court concludes OIGA is entitled to retain the interest earned on the proceeds in the account up to and including the date the funds are disbursed following final approval of the settlement agreement.

1. **Undisputed Facts.**

Eidem is a class representative of a class comprised of participants and beneficiaries in ERISA trusts that relied on Capital Consultants to manage trust investments and who suffered heavy financial losses as a result of the collapse of Capital Consultants.

In March 2002, the Eidem class settled its claims against the ERISA trust defendants for $3,738,864.80. The parties expected the ERISA trusts' insurer, Legion Insurance Company (Legion), to fund the settlements. Legion, however, filed for liquidation in the State of Pennsylvania and did not fund the settlements.

As a result of Legion's liquidation, the ERISA trust defendants (and other ERISA trusts involved in related actions) sought out other parties who were potentially liable to fund the settlements, including OIGA and Insurance Guaranty Associations from other states.

In June 2002, one such party, Segal Advisors (Segal), agreed to a settlement, which

---

[1] The same legal issue, based on indistinguishable facts, arises in the related case of McPherson v. Trustees of the Eighth District Electical Profit Sharing, Pension, and Health and Welfare Plans, et al., CV 00-1445-HA. Accordingly, my ruling in this matter is dispositive of the same issue raised in McPherson.

included but was not limited to this class action. Ultimately, Segal agreed to a total settlement of $11,425,000, which it paid to an escrow agent who was to pay that amount plus accrued interest to the various ERISA trust claimants.

In March 2005, the Eidem class reached a tentative settlement with OIGA in the amount of $2.5 million. Prior to the execution of the formal settlement agreement, the parties exchanged letters outlining the settlement but anticipating a final writing. Neither party discussed the interest issue before nor within the letter exchanges. Subsequent to the letter exchange, but before the formal writing, the parties engaged in discussions leading to the final settlement agreement. In an effort to avoid the problems the ERISA trusts encountered with the settlement that was to be funded by Legion, Eidem's counsel insisted that OIGA immediately deposit the anticipated settlement funds in a trust account. OIGA counsel, John Langslet, by way of accommodation, agreed on behalf of OIGA to deposit the funds in his law firm's trust account pending a final binding settlement agreement.

On March 9, 2005, OIGA deposited $2.5 million in the Martin Bischoff IOLTA trust account, earning interest at the rate of 2% per annum.[2] OIGA and Eidem did not discuss which party would receive the interest earned on the account. On June 20, 2005, Eidem and OIGA executed a final binding settlement agreement subject to court approval. During the discussions leading up to the binding settlement agreement, OIGA's counsel informed Eidem's counsel that OIGA expected to benefit from the accrued interest on the settlement funds until those funds were disbursed.

---

[2] IOLTA is an acronym for the term "Interest on Law Firm Trust Accounts." Like many other state bar associations, the Oregon State Bar has established IOLTA procedures by which law firms are to account for interest earned on funds deposited in law firm trust accounts.

3 - OPINION AND ORDER

Eidem conceded OIGA had a legitimate expectation of receiving the accrued interest until the binding settlement agreement was executed, but not thereafter. Therefore, the parties addressed the interest issue in ¶ 24 of the Final Settlement Agreement, leaving its determination to the court. The parties anticipate approval of the class settlement and disbursement of settlement funds in October 2005.

**2. The Issue.**

The issue is whether Eidem is entitled to the interest on the settlement funds deposited in the IOLTA account that has accrued since June 20, 2005, when the parties reached a binding settlement agreement.

OIGA relies on common law contract principles to support its position that there was no meeting of the minds regarding the payment of accrued interest and no manifestation of any intent by OIGA to waive its right to the accrued interest until the date the funds are distributed. OIGA argues it agreed to deposit funds in the IOLTA account pending a final settlement agreement as a courtesy to Eidem, not as a result of a binding agreement to pay Eidem accrued interest on the principle sum in the account.

In addition, OIGA points out that Oregon Rule of Professional Conduct 1.15-2 ©) provides that "Client funds . . . deposited in an [IOLTA] . . . for the client's benefit and the net interest earned by funds in such an account shall be held in trust as property of the client."

Eidem asserts the ERISA trusts made clear in ¶ 1 of the original settlement agreement to be funded by Legion that "interest accruing on funds [expected to be] deposited by Legion would accrue to the benefit of the Class." In light of that agreement, Eidem argues that "funds deposited by [OIGA] to satisfy the obligation of Legion should accrue to [Eidem's] benefit."

They argue the settlement agreement with OIGA binds OIGA to those terms because the agreement incorporates the terms of the original agreement with Legion's insureds.

Eidem also asserts "the custom of the industry and the custom in all of the class action settlements relating to Capital Consultants is that interest on money deposited to fund a class action settlement accrues to the benefit of the Plaintiffs."

Finally, Eidem asserts "simple principles of equity demand" that the accrued interest be paid to the class in light of the huge unreimbursed losses incurred by the class as a result of the Capital Consultants debacle.

### 3. Discussion.

The court is sympathetic to the circumstances in which the Eidem class finds itself as a result both of the breach of trust by their respective ERISA trusts and the unexpected difficulties encountered in obtaining a source of funding of the settlements they have made . In that regard, Eidem asserts I should decide this case on equitable principles and that the agreement with OIGA provides for such equitable relief. I disagree.

The law will not imply an obligation to pay interest where there is a stipulation determining such matter. The contract is controlling either in law or equity. Parties unquestionably have the right to stipulate when and in what manner interest will be paid. Security Savings & Trust Co. v. Latta, 118 Or. 559, 565 (1926). Here, Eidem and OIGA reached a settlement agreement that was reduced to writing and which specifically addressed the issue of payment of interest. OIGA refused to agree to pay accrued interest. Eidem entered into the agreement in any event, and the parties left it to the court to decide which party was entitled to accrued interest. The contract does not confer equitable powers on this court, as it contains an

adequate remedy at law. The only issue before the court is the disbursement of interest funds.

Accordingly, I conclude this matter is to be decided on the basis of common law contract principles, not equitable principles. I must decide whether there was an enforceable agreement by OIGA to pay accrued interest on the settlement funds to Eidem. I find there was none.

The original settlement agreement does not <u>specifically</u> address but reserved the issue of payment of interest. OIGA refused to agree to pay accrued interest. The Settlement Agreement does state that "the assets of such account will be allocated" according to a formula that appears to dispose of 100% per cent of the assets.

The OIGA Settlement Agreement incorporates by reference the terms of the original settlement agreement with the ERISA trusts that Legion was supposed to fund. <u>See</u> IGA Settlement Agreement, ¶ 9. In ¶ 24 of the IGA settlement, the parties specifically agree to refer the "dispute" regarding allocation of accrued interest to the court, thereby acknowledging there is no meeting of the minds and, therefore, no agreement between them as to how the accrued interest shall be disbursed.[3]

OIGA's specific rejection of Eidem's demand that the class should benefit from the accrued interest belies Eidem's reliance on the "custom" that purportedly has arisen in Capital Consultants cases. Clearly, OIGA did not agree to follow the "custom" established by other parties in such cases. Moreover, Eidem has not presented any authority for the proposition that OIGA should be bound involuntarily by a purported custom established in this litigation relating

---

[3] The court notes the parties agreed in ¶ 5 of the IGA Agreement that the "money deposited . . . plus accrued interest, if any, pursuant to ¶ 24 shall be disbursed . . . ." Clearly, the parties understood there was no agreement on the payment of accrued interest to Eidem in light of ¶ 24.

to other settlement agreements to which OIGA was not a party.

Accordingly, I find there was no meeting of the minds between the parties sufficient to establish a binding agreement by OIGA to pay to Eidem any of the accrued interest on the settlement funds deposited in the Martin Bishcoff trust account.[4] The parties reached a binding agreement subject only to court approval. That agreement did not include any express provision requiring OIGA to pay interest to Eidem, and the undisputed facts preclude an implied agreement by OIGA to do so.

## **CONCLUSION**

For these reasons, I conclude plaintiffs are not entitled to the interest on the settlement funds deposited in the IOLTA account of OIGA's attorneys that has accrued or will accrue from the date of the settlement agreement to the date of court approval of the settlement.

IT IS SO ORDERED.

DATED this 29 day of August, 2005.

    /s/ Malcolm F. Marsh
    Malcolm F. Marsh
    United States District Judge

---

[4] In making this ruling the court gives no weight to OIGA's arguments regarding its lawyers' IOLTA responsibilities. The Oregon State Bar Rules of Professional Conduct require the IOLTA interest to be paid to the client, not the law firm. Certainly, OIGA, the client, had the right to instruct its lawyers to pay the interest to Eidem. However, there is no evidence OIGA did so.

7 - OPINION AND ORDER